## UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

| | | |
|---|---|---|
| ANTHONY WRIGHT and DANIEL HANSEN, Individually and on behalf of all others similarly situated | § § § § | Civil Action No. 2:17-cv-02654-DCN |
| *Plaintiffs*, | § § | |
| v. | § § | JURY TRIAL DEMANDED |
| WASTE PRO USA, INC., WASTE PRO OF FLORIDA, INC., and WASTE PRO OF SOUTH CAROLINA, INC. | § § § § | COLLECTIVE ACTION PURSUANT TO 29 U.S.C § 216(b) |
| *Defendants*. | § § | CLASS ACTION PURSUANT TO FED. R. CIV. P. 23 |

## ORIGINAL CLASS/COLLECTIVE ACTION COMPLAINT

Plaintiffs Anthony Wright and Daniel Hansen, individually and on behalf of all other similarly situated individuals, by and through undersigned counsel, sue the Defendants Waste Pro USA, Inc., Waste Pro of Florida, Inc. and Waste Pro of South Carolina, Inc. (hereinafter collectively referred to as "Waste Pro" and/or the "Waste Pro Defendants") on a collective and class wide basis pursuant to both the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and pursuant to the South Carolina Payment of Wages Act, South Carolina Code Ann. § 41-10-10, *et seq.* ("SCPWA" or "South Carolina Act"), and in support hereof, respectfully state as follows:

## INTRODUCTION

1.      The FLSA is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers." 29 U.S.C. § 202(a). To achieve its purposes, the FLSA requires three things. First, the FLSA requires payment of minimum wages. 29 U.S.C. § 206(a). Second, the FLSA requires overtime pay for covered employers whose employees work in excess of 40 hours per workweek. 29 U.S.C.

207(a). And third, the FLSA establishes minimum recordkeeping requirements for covered employers. 29 U.S.C. § 211(a); 29 U.S.C § 516.2(a)(7).

2.      Plaintiffs, and other current and former similarly situated employees, are Waste Disposal Drivers for the Defendants who were paid on a job/day rate for work performed.  Due to the Defendants company-wide policies and procedures the Plaintiffs were deprived of wages for hours actually worked.  Specifically, the Defendants did not pay a true day rate for any and all hours worked in a given day, but placed limitations on the number of hours worked before the day rate was paid.  Further, the Defendants also coupled the day rate with "other forms of compensation." Therefore, it is Plaintiffs contention that Defendants violated the FLSA in both their calculation of the prevailing hour rate and only paying the Plaintiffs "half-time" for all hours worked over forty (40) in a given workweek.

3.      Additionally, Plaintiffs, and others who were similarly situated, were deprived of wages for hours actually worked by the Defendants' policy to encourage and require them to perform pre-shift and post-shift duties while not clocked in.  Defendants also automatically deducted thirty (30) minutes for lunch breaks that Defendants knew Plaintiffs, and others similarly situated, regularly worked through.

4.      Plaintiffs Anthony Wright and Daniel Hansen bring this action individually and on behalf of all other similarly situated current and former non-exempt Waste Disposal Drivers who were paid a day rate and who have been employed by Waste Pro ("Putative Class Members") throughout the United States, at any time from September 29, 2014 through the final disposition of this matter, and have timely filed consent forms to join this collective action.  These class members should be informed of the pendency of this action and apprised of their rights.

## THE PARTIES

5.      Plaintiff Wright is an individual residing in Pembroke Pines, Broward County, Florida and worked at Waste Pro's facility in Pembroke Pines, Florida within the relevant three-year period.  Plaintiff Wright's written consent to be a plaintiff in this action is attached hereto as Exhibit "A."

6.      Plaintiff Hansen is an individual residing in Summerville, Dorchester County, South Carolina and worked at Waste Pro's facility in Summerville, South Carolina within the relevant three-year period.  Plaintiff Hansen's written consent to be a plaintiff in this action is attached hereto as Exhibit "B."

7.      The Putative Class Members include all of Waste Pro's non-exempt Waste Disposal Drivers throughout the United States who performed the same or similar work as Plaintiffs Wright and Hansen and were subjected to the same or similar payment policies as Plaintiffs Wright and Hansen at any time from September 29, 2014 through the final disposition of this matter.

8.      Defendant Waste Pro USA, Inc. (hereinafter "Waste Pro USA") is a foreign for-profit corporation organized under the laws of the State of Florida. Defendant Waste Pro USA is a covered employer under the FLSA and acted as such in relation to Plaintiffs and the Putative Class Members.  Defendant Waste Pro USA may be served through its registered agent for service, **Malenie Velez, 2101 W SR 434, Suite 315, Longwood, Florida 32779**.

9.      Defendant Waste Pro of Florida, Inc. (hereinafter "Waste Pro Florida") is a for-profit corporation organized under the laws of the State of Florida. Defendant Waste Pro Florida is a covered employer under the FLSA and acted as such in relation to Plaintiffs and the Putative Class Members. Defendant Waste Pro Florida may be served through its registered agent for service, **Malenie Velez, 2101 W SR 434, Suite 315, Longwood, Florida 32779**.

10.     Defendant Waste Pro of South Carolina, Inc. (hereinafter "Waste Pro South Carolina") is a for-profit corporation organized under the laws of the State of South Carolina. Defendant Waste Pro South Carolina is a covered employer under the FLSA and acted as such in relation to Plaintiffs and the Putative Class Members. Defendant Waste Pro South Carolina may be served through its registered agent for service, **C T Corporation System, 2 Office Park Court, Suite 103, Columbia, South Carolina 29223**.

## SUBJECT MATTER JURISDICTION AND VENUE

11.     This Court has subject matter jurisdiction over the FLSA claim pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201 et. seq.

12.     This Court has supplemental jurisdiction over the additional South Carolina Act claims pursuant to 28 U.S.C. § 1367.

13.     This Court has personal jurisdiction over Waste Pro because the cause of action arose within this District as a result of Waste Pro's conduct within this District.

14.     Venue is proper in the District of South Carolina because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

15.     Specifically, Waste Pro has maintained a working presence throughout South Carolina and the South Eastern United States.

16.     Venue is proper in this District pursuant to 28 U.S.C. § 1391.

## FLSA COVERAGE

17.     At all material times, the Waste Pro Defendants have been employers within the meaning of section 203(d) of the FLSA, which is defined to include any person acting directly or indirectly in the interest of an employer in relation to an employee. 29 U.S.C. § 203(d).

18.     At all material times, the Waste Pro Defendants have each been an enterprise in commerce or in the production of goods for commerce within the meaning of section 203(s)(l) of

the FLSA because the Waste Pro Defendants have had and continue to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

19.     At all material times, Plaintiffs and the Putative Class Members are (or were) employees who engaged in commerce or in the production of goods for commerce as required by sections 206 and 207 of the FLSA. 29 U.S.C. §§ 206–07.

20.     At all material times, the Waste Pro Defendants have had, and continue to have, an annual gross business volume in excess of the statutory standard of $500,000.00.

21.     During Plaintiffs' employment, Defendants employed at least two employees who handled goods, materials and supplies which travelled in interstate commerce, such as the waste disposal trucks and other items used to run the business.

22.     Therefore, at all material times relevant to this action, Defendants Waste Pro USA, Waste Pro Florida and Waste Pro South Carolina were an enterprise covered by the FLSA, and as defined by 29 U.S.C. §§ 203(r) and 203(s).

## WAGE VIOLATIONS

23.     Waste Pro violated and continues to violate the FLSA by failing to pay Plaintiffs and the Putative Class Members time and one-half for each hour worked in excess of 40 hours per workweek.

24.     Further, Waste Pro has improperly calculated Plaintiffs and the Putative Class Members' regular rate resulting in further miscalculation of Plaintiffs and the Putative Class Members' overtime pay. Specifically, Plaintiffs and the Putative Class Members should have received overtime compensation at a rate not less than one and one-half times their true regular rate.

25.     Plaintiffs and the Putative Class Members were (and continue to be) paid under a purported day rate plan—that is, they were supposed to be paid for each day worked regardless of the number of hours worked each day. See 29 C.F.R. § 778.112.

26.     Waste Pro violated the day rate regulation in a number of different ways. Specifically, Plaintiffs and the Putative Class Members were compensated by Waste Pro with a day rate as well as other forms of compensation. These other forms of compensation are not in compliance with the day rate provision of 29 C.F.R. § 778.112 and ultimately result in a miscalculation of Plaintiffs and the Putative Class Members' regular rate and resulting overtime compensation. These other forms of compensation (helper pay and safety bonuses) may vary by name and amount, but nevertheless have the same overall effect of invalidating Waste Pro's attempt to categorize and compensate Plaintiffs and the Putative Class Members under the day rate provision permitted by 29 C.F.R. § 778.112.

27.     Additionally, Plaintiffs and the Putative Class Members did not receive their full day rate if they did not work a full day. This is a blatant violation of the day rate provision of 29 C.F.R. § 778.112. Indeed, a day rate plan can only be valid if an employee is paid a flat sum for a day's work *without regard to the number of hours worked in the day*. 29 C.F.R. § 778.112 (emphasis added). Because Plaintiffs and the Putative Class Members are not paid a flat sum for a day's work without regard to the number of hours worked in the day, they are not paid under a "day rate" plan and Waste Pro cannot avail itself of such a pay system.

28.     Waste Pro also violated and continues to violate the FLSA and the South Carolina Act by permitting and encouraging Plaintiffs and the Putative Class Members to perform pre-trip and post-trip work duties off the clock—that is, work without pay.

29.     And lastly, Waste Pro violated and continues to violate the FLSA and the South Carolina Act by deducting 30-minute meal periods from Plaintiffs and the Putative Class Members' daily hours worked, despite knowing that Plaintiffs and the Putative Class Members routinely worked throughout their designated 30-minute meal periods.

30.     At all times relevant to this action, Defendants failed to comply with the FLSA and the South Carolina Act because Plaintiffs and the Putative Class Members performed services for

Defendants for which no provisions were made by Defendants to properly pay Plaintiffs, and those similarly situated, for all hours worked or at the correct prevailing rate.

## COLLECTIVE ACTION ALLEGATIONS

31.     Plaintiffs bring this action as a collective action on behalf of a class of individuals similarly situated.  Specifically, Plaintiffs brings these claims under the Fair Labor Standards Act as a collective action and will request the Court to grant conditional certification under 29 U.S.C. § 216(b), and to order notices to potential opt-in individuals who are or were employed by Defendants as Waste Disposal Drivers within three (3) years prior to the commencement of this lawsuit. (the "FLSA Class").

32.     Potential opt-in members of the collective action are similarly situated to Plaintiffs. They all held the same job positions and had substantially similar job requirements and pay provisions. They are or were subject to the same common practices, policies, and plans of Defendants. They all suffer damages in the nature of lost overtime and other wages resulting from Defendants' wrongful conduct.

## SOUTH CAROLINA CLASS ACTION ALLEGATIONS

33.     Plaintiffs bring the Second Cause of Action, the South Carolina Act claims, as an opt-out class action under Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves and all similarly situated current and former individuals employed by Defendants as Waste Disposal Drivers by Defendants in South Carolina within three (3) years prior to the commencement of this lawsuit. ("SC Rule 23 Class").

34.     Upon information and belief, this action satisfies the requirements of Rule 23(a), Fed. R. Civ. P., as alleged in the following particulars:

        a.  The proposed Plaintiff class is so numerous that joinder of all individual members in this action is impracticable, and the disposition of their claims as a

class will benefit the parties and the Court;

b. There are questions of law and/or facts common to the members of the proposed Plaintiff class;

c. The claims of Plaintiffs, the representatives of the proposed Plaintiff class, are typical of the claims of the proposed Plaintiff class; and

d. Plaintiffs, the representatives of the proposed Plaintiff class, will fairly and adequately protect the interests of the class.

35.     In addition, upon information and belief, this action satisfies one or more of the requirements of Fed. R. Civ. P. 23(b), because the questions of law and/or fact common to the members of the proposed Plaintiff class predominate over any questions affecting only individual members.

36.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries, and damages suffered by each of the individual SC Rule 23 Class Members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual SC Rule 23 Class Members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual

SC Rule 23 Class Members would create a risk of inconsistent and/or varying adjudications with respect to the individual SC Rule 23 Class Members, establishing incompatible standards of conduct for Defendants and resulting in impairment of the SC Rule 23 Class Members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

37.    Upon information and belief, Defendants throughout the State of South Carolina violated and continue to violate the South Carolina Act. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

38.    This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

## STATEMENT OF FACTS

**A.    Waste Pro's Corporate Background and Operations Throughout the South Eastern United States**

39.    Waste Pro provides waste disposal and recycling services to residential and commercial clients throughout the South Eastern United States.[1]

40.    Indeed, Waste Pro currently operates from more than 75  locations in Alabama, Arkansas, Florida, Georgia, Louisiana, Mississippi, Tennessee, and North and South Carolina.[2]

---

[1] https://www.wasteprousa.com.

[2] https://www.wasteprousa.com/the-waste-pro-way/.

41.    Upon information and belief, Waste Pro's business is a centralized, top-down operation controlled by the Waste Pro Defendants.

**B.    Plaintiffs and the Putative Class Members are (or were) Waste Disposal Drivers for Waste Pro Throughout the South Eastern United States**

42.    Defendants' Waste Disposal Drivers, including Plaintiffs and the Putative Class Members, all drove assigned routes to collect and dispose of residential or commercial waste and/or recyclable materials for Defendants' customers throughout the South Eastern United States.

43.    Defendants' Waste Disposal Drivers are all non-exempt employees under the FLSA.

44.    Plaintiff Wright was employed as a non-exempt Waste Disposal Driver at Waste Pro's facility in Pembroke Pines, Florida from October 1, 2014 until February 2016.

45.    Plaintiff Wright was compensated on a job/day rate determined by the number of hours worked in a day.

46.    Plaintiff Wright did not receive the proper amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.

47.    Plaintiff Hansen was employed as a non-exempt Waste Disposal Driver at Waste Pro's facility in Summerville, South Carolina from approximately March 2015 until September 2015.

48.    Plaintiff Hansen was compensated on a job/day rate determined by the number of hours worked in a day.

49.    Plaintiff Hansen did not receive the proper amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.

50.    The Putative Class Members are (or were) non-exempt Waste Disposal Drivers for Defendants throughout the United States for the 3-year period preceding the filing of this complaint through the final disposition of this matter.

51.    None of the FLSA exemptions relieving a covered employer of the statutory duty to pay employees overtime at one and one-half times the regular rate of pay apply to Defendants, Plaintiffs or the Putative Class Members.

52.    Plaintiffs and the Putative Class Members are similarly situated with respect to their job duties, their pay structure and, as set forth below, the policies of Defendants resulting in FLSA violations.

**C.    Defendants did not (and do not) pay Plaintiffs and the Putative Class Members overtime in accordance with the FLSA.**

53.    Plaintiffs and the Putative Class Members were (and are) required to work overtime hours when requested by Defendants, and were (and are) subject to potential disciplinary action for refusing to work overtime.

54.    Plaintiffs and the Putative Class Members regularly worked (or work) over forty (40) hours in a workweek as Waste Disposal Drivers.

55.    Defendants compensated Plaintiffs and Putative Class Member on a job/day rate, in addition to other forms of compensation.  These other forms of compensation are not in compliance with the day and job rate provisions of 29 C.F.R. § 778.112 and ultimately result in a miscalculation of Plaintiff's and the Putative Class Members' regular rate and resulting overtime compensation. These other forms of compensation (help pay, bonus pay, and safety bonus) may vary by name and amounts, but nevertheless have the same overall effect in invalidating Defendants' attempt to categorize and compensate Plaintiff and the Putative Class Members under the pay provision permitted by 29 C.F.R. § 778.112.

56.    Additionally, Defendants would only pay a "day rate" to Plaintiffs and the Purported Class Members if they worked a preset number of hours per day.  If the designated number of hours were not worked by the Plaintiffs or the Putative Class Members, then they did not receive the full day rate.  This is a blatant violation of the day rate provision of 29 C.F.R. § 778.112.

57.     Indeed, a day rate plan can only be valid if an employee is paid a flat sum for a day's work *without regard to the number of hours worked in the day*. 29 C.F.R. § 778.112 (emphasis added).  Because Plaintiffs and the Putative Class Members are not paid a flat sum for a day's work without regard to the number of hours worked in the day, they are not paid under a "day rate" plan and Waste Pro cannot avail itself of such a pay system.

58.     Defendants' calculation of Plaintiff's and the Putative Class Members' regular rate of pay does not comply with the FLSA.

59.     Defendants paid Plaintiffs and the Putative Class Members one-half of the regular rate of each hour worked over 40 hours in a workweek.

60.     Defendants paid Plaintiffs and the Putative Class Members a day rate, plus other forms of compensation for services.

61.     In addition to the day rate that Defendants paid Plaintiffs and the Putative Class Members, Defendants compensated Plaintiff and the Putative Class Members for the same type of work that they normally performed on an hourly basis.  For example, if Plaintiffs and the Putative Class Members completed their assigned routes for the day, they would be asked to help other drivers with their incomplete routes.  Generally, when Defendants paid Plaintiffs and the Putative Class Members on an hourly basis, as opposed to a daily basis, they referred to these hourly payments as "help pay".

62.     Defendants also compensated Plaintiffs and the Putative Class Members on a basis other than the daily rate basis for what Defendants categorized as "bonus pay", "incentive pay", "extra pay" and "miscellaneous pay".

63.     In the event that Plaintiffs and the Putative Class Members finished their route for the day early or needed to work for only half of the day, Defendants, at least at times, did not pay

them the day rate, but rather compensated them on an hourly basis and in a lesser amount than the day rate.

64.     Defendants also compensated Plaintiffs and the Putative Class Members with a form of incentive pay for completing a certain amount of time without any accidents.  The Defendants paid a non-discretionary safety bonus that would be paid to the Plaintiffs and the Putative Class Members on a weekly basis.

65.     Plaintiffs and the Putative Class Members were hired to work a regular workweek consisting of forty (40) hours per workweek, and it was the Plaintiffs understanding that their wages would compensate them for forty (40) hours.  Further, the day rates were based upon an eight (8) hour day and approximated the hourly rates that prevailed in the market for the type of work performed by Plaintiffs and the Putative Class Members.

66.     Plaintiffs and the Putative Class Members regularly worked over forty (40) hours in a workweek as Waste Disposal Drivers.

67.     In calculating Plaintiffs' and the Putative Class Members' overtime pay rate, Defendants calculated Plaintiffs' and the Putative Class Members' regular rate of pay by dividing the total amount of compensation (both day rate and additional compensation) by the total hours worked in the workweek.

68.     Defendants' calculations of Plaintiffs' and the Putative Class Members regular rates of pay does not comply with the FLSA.

69.     Defendants did not pay Plaintiffs or the Putative Class Members time and one-half for hours worked over forty (40) hours in a workweek.  Instead, Defendants utilized the "fluctuating work week" method to pay employees only half-time for hours worked over forty (40) hours in a workweek.

70.     The FLSA requires non-exempt employees, like Plaintiffs and the Putative Class Members to be compensated for overtime work at the mandated overtime pay rate.

71.     Plaintiffs and the Putative Class Members were entitled to receive time and one-half compensation for all hours worked over forty (40) hours in a workweek.

72.     The payment scheme used by the Defendants to pay Plaintiffs and the Putative Class Members did not comply with the FLSA.

73.     Defendants violated and continue to violate the FLSA by failing to pay its Waste Disposal Drivers, including Plaintiffs and the Putative Class Members, time and one-half for each hour worked in excess of forty (40) hours per workweek.

74.     As Defendants' employees, Plaintiffs and the Putative Class Members were subjected to the same or a substantially similar payment scheme, as described above.

75.     On several occasions, Plaintiffs and other similarly situated drivers complained to management that their overtime was not being calculated correctly and pleaded with them to correct it.

76.     In response to Plaintiffs' and other similarly situated drivers' complaints, Waste Pro management told Plaintiffs and other drivers that they were paid "Chinese overtime," that paying only "Chinese overtime" was Waste Pro's corporate-wide policy, and that the company would not pay them overtime at the regular rate of one and one half times their pay.

77.     Plaintiffs were required to perform necessary and integral work for Defendants while not clocked in, or otherwise off the clock.

78.     The off the clock work usually occurred prior to the Plaintiffs daily driving routes and after the routes or any helper routes were completed at the end of the day.

79. Further, Plaintiffs and the putative class members were subjected to automatic deductions for 30-minute meal period, despite knowing that Plaintiffs and the Putative Class Members routinely worked throughout their designated thirty (30) minute meal periods.

80. Defendants are aware that Plaintiffs and the Putative Class Members regularly worked through their 30-minute meal periods.

81. Defendants systematic deduction of the thirty (30) minute meal period from hours worked in excess of forty (40) hours per workweek deprived Plaintiffs' and the Putative Class Members of overtime pay in violation of the FLSA.

82. Plaintiffs and the Putative Class Members were subjected to the same or a substantially similar policy, practice, or scheme of having the 30-minute meal period deducted from their on-the clock time, as described above.

## COUNT I – RECOVERY OF OVERTIME COMPENSATION (29 U.S.C. § 207)

83. Plaintiff and the Putative Class Members incorporate by reference paragraphs 1-82 as though fully and completely set forth herein.

84. Defendant's practice of failing to pay Plaintiffs and the Putative Class Members time-and-a-half rate for hours in excess of forty (40) per workweek violates the FLSA.  29 U.S.C. § 207.

85. None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are employed are applicable to Defendants or Plaintiffs.

86. Defendant failed to keep adequate records of Plaintiff's and Class Member's work hours and pay in violation of section 211(c) of the FLSA.  29 U.S.C. § 211(c).

87. Federal law mandates that an employer is required to keep for three (3) years all payroll records and other records containing, among other things, the following information:

a. The time of day and day of week on which the employees' work week begins;

b. The regular hourly rate or pay for any workweek in which overtime compensation is due under Section 7(a) of the FLSA;

c. An explanation of the basis of pay by indicating the monetary amount paid on a per hour, per day, per week, or other basis;

d. The amount and nature of each payment which, pursuant to section 7(e) of the FLSA, is excluded from the "regular rate";

e. The hours worked each workday and total hours worked each workweek;

f. The total daily or weekly straight time earnings or wages due for hours worked during the workday or workweek, exclusive or premium overtime compensation;

g. The total premium for overtime hours. This amount excludes the straight-time earnings for overtime hours recorded under this section;

h. The total additions to or deductions from wages paid each pay period including employee purchase orders or wage assignments;

i. The dates, amounts, and nature of the items which make up the total additions and deductions;

j. The total wages paid each pay period; and

k. The date of payment and the pay period covered by payment.

29 C.F.R. §§ 516.2, 516.5.

88. Defendants have not complied with the federal law and have failed to maintain such records with respect to Plaintiffs and the Putative Class Members. Because Defendants' records are inaccurate and/or inadequate, Plaintiffs and the Putative Class Members can meet their burden under the FLSA by proving that they, in fact, performed work for which they were improperly compensated, and produce sufficient evidence to show the amount and extent of the work "as a

matter of a just and reasonable inference." *See, e.g., Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946).

89.    Defendants' failure to properly compensate employees at a rate of at least one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek, results from Defendants day rate payment policy or practice that applies to all similarly-situated employees, nationwide.

90.    Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay overtime compensation correctly with respect to Plaintiffs and the Putative Class Members.

91.    Specifically, despite the fact that numerous Waste Disposal Drivers brought Defendants' aforementioned illegal policies and FLSA violations to Defendants' attention throughout their employ, Defendants' refused to pay Plaintiffs and the Putative Class Members their proper compensation as required by the FLSA.

92.    Defendants did not act in good faith or reliance upon any of the following in formulating their pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, et seq., (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

93.    Accordingly, Plaintiffs and the Putative Class Members bring this cause of action under section 216(b) of the FLSA, which allows them to recover all unpaid overtime compensation to which they are entitled, but have not been paid, for the 3-year period preceding the filing of this complaint through the final disposition of this matter. 29 U.S.C. § 216(b).

94.    Plaintiff and the Putative Class Members contend that Defendants' conduct in violating the FLSA is willful. Accordingly, Plaintiff and the Putative Class Members seek recovery of all unpaid overtime compensation to which they are entitled, but have not been paid, for the three

years preceding the filing of this complaint through the final disposition of this matter. 29 U.S.C. §
216(b).

95.    Due to the willful nature of Defendants' conduct, Plaintiff and the Putative Class
Members seek to recover, as liquidated damages, an amount equal to unpaid overtime wages for the
3-year period preceding the filing of this complaint through the final disposition of this matter—that
is, the same period for which unpaid overtime damages are sought. 29 U.S.C. § 216(b).

## COUNT II – VIOLATION OF SOUTH CAROLINA PAYMENT OF WAGES ACT
### (S.C. Code 41-10-10, et. seq.)

96.    Plaintiff and the Putative Class Members incorporate by reference paragraphs 1-82 as
though fully and completely set forth herein.

97.    At all relevant times, Defendants have employed, and/or continue to employ,
Plaintiffs and each of the SC Class members within the meaning of the South Carolina Payment of
Wages Act, S.C. Code Ann. §§ 41-10-10 to 110.  Plaintiffs and the SC Rule 23 Class members are
"employees" within the meaning of the South Carolina Act and are not free from the control and
direction of Defendants.

98.    Defendants are an "employer" as defined by the South Carolina Act, S.C. Code Ann.
§ 41-10-10(1), because they employ individuals in the State of South Carolina.

99.    Pursuant to S.C. Code Ann. § 41-10-40(C), "[e]very employer shall notify each
employee in writing at the time of hiring of the normal hours and wages agreed upon, the time and
place of payment . . . ." and the "employer shall furnish each employee with an itemized statement
showing his gross pay and the deductions made from his wages for each pay period."

100.    Defendants willfully failed to provide Plaintiffs and others similarly situated with
proper notice at the time of their hiring as required by the law, and Defendants did not provide
them with compliant wage statements for each of their pay periods as required by the law.

101.    Pursuant to S.C. Code Ann. § 41-10-40(C), "[a]n employer shall not withhold or divert any portion of the employee's wages unless the employer is required or permitted to do so by state or federal law . . . ."

102.    Further, "any changes [to] the terms [of wages] must be made in writing at least seven calendar days before they become effective." S.C. Code Ann. § 41-10-30(A).

103.    Defendants, however, did not pay Plaintiffs and the SC Rule 23 Class members all wages due to them, nor did Defendants provide Plaintiffs and the SC Rule 23 Class members with at least seven days advance written notice of the deductions or the amounts of the deductions Defendants made to their paychecks.

104.    Accordingly, Plaintiffs and the members of the SC Rule 23 Class are entitled to receive all compensation of "wages" due and owing to them.

105.    Defendants willfully failed to pay Plaintiffs and others similarly situated "wages" as defined in section 41-10-10(2) of the South Carolina Act for all work performed, according to the law.

106.    Defendants have withheld wages of the Plaintiffs and others similarly situated without providing advance notice of such amounts and absent any lawfully sufficient reason for such conduct.

107.    As a direct and proximate result of Defendants' willful conduct, Plaintiffs and others similarly situated have suffered substantial losses and have been deprived of compensation to which they are entitled, including monetary damages in the amount of three (3) times the amount of their unpaid wages as well as costs and reasonable attorneys' fees pursuant to S.C. Code Ann. § 41-10-80 of the South Carolina Act.

## **PRAYER FOR RELIEF**

Plaintiffs, individually, and behalf of all other similarly situated persons, respectfully request that this Court enter judgment against the Defendants:

a. For an Order recognizing this proceeding as a collective action pursuant to Section 216(b) of the FLSA and requiring Defendants to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all Putative Class Members;

b. For an Order approving the form and content of a notice to be sent to all potential collective action members advising them of the pendency of this litigation and of their rights with respect thereto;

c. For a declaratory judgment that Defendants have willfully and in bad faith violated the overtime wage provisions of the FLSA, and have deprived Plaintiff and the Putative Class Members of their rights to such compensation;

d. For an Order requiring Defendants to provide a complete and accurate accounting of all overtime wages to which Plaintiffs and all Putative Class Members;

e. For an Order awarding Plaintiffs (and those who have joined in the suit) back wages that have been improperly withheld;

f. For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiffs (and those who have joined in the suit), and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiffs (and those who have joined in the suit);

g.  For an Order certifying a class action under Rule 23 of the Federal Rules of Civil Procedure to remedy the class-wide violations of the South Carolina Payment of Wages Act suffered by the SC Rule 23 Class;

h.  For an award of monetary damages to Plaintiffs and the members of the SC Rule 23 Class in the form of back pay for all unpaid wages due, together with treble damages pursuant to the South Carolina Payment of Wages Act;

i.  For an Order awarding Plaintiffs (and those who have joined in the suit) the costs of this action;

j.  For an Order awarding Plaintiffs (and those who have joined in the suit) attorneys' fees;

k.  For an Order awarding Plaintiffs (and those who have joined in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law;

l.  For an Order awarding Plaintiffs a service award as permitted by law;

m.  For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted by:

**LE CLERCQ LAW FIRM, P.C.**

By: /s/ *Ben Whaley Le Clercq*
**Ben Whaley Le Clercq, Esq.**
Fed. Bar # 7453
708 S. Shelmore Suite 202
Mt. Pleasant, SC  29464
(843) 722-3523
Ben@leclercqlaw.com

And

**MORGAN & MORGAN, P.A**.

**C. Ryan Morgan, Esq.**
FBN 0015527
N. Orange Ave., 16th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone:      (407) 420-1414
Facsimile:      (407) 867-4791
Email:  rmorgan@forthepeople.com
*pro hac vice* application forthcoming

**Paul M. Botros, Esq**.
FBN 0063365
600 N. Pine Island Road.
Suite 400
Plantation, FL 33324
Telephone:      (954) 327-5352
Facsimile:      (954) 327-3017
Email:  pbotros@forthepeople.com
*pro hac vice* application forthcoming

*Trial Counsel for Plaintiffs and Putative Class Members*

And

**ANDERSON2X, PLLC**

**Austin W. Anderson, Esq.**
Federal I.D. No. 777114
Texas Bar No. 24045189
austin@a2xlaw.com
*pro hac vice* application forthcoming

**Clif Alexander, Esq.**
Federal I.D. No. 1138436
Texas Bar No. 24064805
clif@a2xlaw.com
819 N. Upper Broadway
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284
*pro hac vice* application forthcoming

**ATTORNEYS IN CHARGE FOR PLAINTIFFS AND PUTATIVE CLASS MEMBERS**