UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| ANTHONY WRIGHT, DANIEL HANSEN, and KENNETH PRIVETTE, Individually and on behalf of all others similarly situated<br><br>*Plaintiff(s),*<br><br>v.<br><br>WASTE PRO USA, INC., WASTE PRO OF FLORIDA, INC., WASTE PRO OF SOUTH CAROLINA, INC., and WASTE PRO OF NORTH CAROLINA, INC.<br><br>*Defendant(s).* | Civil Action No. 2:17-cv-02654-DCN |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT WASTE PRO USA, INC.'S MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT

COMES NOW Defendant WASTE PRO USA, INC. ("Waste Pro USA"), by and through its undersigned counsel, and hereby submits this Memorandum of Law in support of its Motion to Dismiss the Amended Complaint (Doc. 5) filed by Plaintiffs ANTHONY WRIGHT and DANIEL HANSEN (collectively "Plaintiffs"). Waste Pro USA moves to dismiss Plaintiffs' Amended Complaint for lack of subject matter jurisdiction, lack of personal jurisdiction, and for failure to state a claim, pursuant to Rules 12(b)(1), 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure, respectively. Waste Pro also seeks the dismissal of Plaintiffs' North Carolina state law claim for overtime compensation on preemption grounds. In support of its Motion, Waste Pro USA respectfully shows the Court the following:

## I.     FACTUAL BACKGROUND

Plaintiffs' Amended Complaint asserts claims under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), the South Carolina Payment of Wages Act, South Carolina Code Ann. § 41-10-10, *et seq.* ("SCPWA"), and the North Carolina Wage and Hour Act, N.C.G.S. § 95-21.1, *et seq.* ("NCWHA"), against Waste Pro USA, Waste Pro of South Carolina, Inc. ("Waste Pro South Carolina"), Waste Pro of North Carolina, Inc. ("Waste Pro of North Carolina"), and Waste Pro of Florida, Inc. ("Waste Pro Florida"). [Doc. 5.] Plaintiffs' claims are brought in their individual capacities, and also on a collective and class wide basis on behalf of other current and former employees of the entities collectively referred to by Plaintiff as "Waste Pro." [*Id.*]

Waste Pro USA is a Florida corporation, and maintains its principal place of business in Longwood, Florida. [*See* Declaration of Timothy James Herman, attached hereto as **Exhibit 1**, at ¶ 3.] Waste Pro USA is a holding company that does not provide goods or services to customers, in South Carolina or otherwise. [*Id.* at ¶ 4.] Waste Pro USA is not authorized to conduct business in South Carolina and it does not maintain any offices in South Carolina. [*Id.* at ¶ 5.] Waste Pro USA does not maintain an agent for service of process in South Carolina. [*Id.* at ¶ 6.] Waste Pro USA does not own any property in South Carolina. [*Id.* at ¶ 7.] Waste Pro USA does not have any employees in South Carolina. [*Id.* at ¶ 8.] Waste Pro USA has not paid, nor is it required to pay, taxes in South Carolina. [*Id.* at ¶ 9.] Waste Pro USA does not have any bank accounts in South Carolina. [*Id.* at ¶ 10.]

Even though Waste Pro South Carolina, Waste Pro Florida, Waste Pro of North Carolina, and Waste Pro USA are separate business entities and parties, Plaintiffs lump all four (4) together, referring to them collectively as "Waste Pro" or "Waste Pro Defendants" throughout the Complaint. [*See* Doc. 5, *generally.*] In fact, apart from basic jurisdictional allegations in

Paragraphs 8 through 12 of the Amended Complaint, all allegations in the Amended Complaint generically refer to "Waste Pro" and "Waste Pro Defendants" without identifying the specific party whose conduct is being referenced.

## II.     MEMORANDUM OF LAW

Waste Pro USA seeks dismissal of the Amended Complaint for three reasons.  First, dismissal is warranted because this Court lacks personal jurisdiction over Waste Pro USA.  Second, the Amended Complaint is fatally flawed as each Plaintiff does not have standing to bring a claim against each Defendant.  Third, the Amended Complaint is deficient in that it improperly lumps the four (4) Defendants without distinguishing them.

### A.     This Court Does Not Have Personal Jurisdiction Over Non-Resident Waste Pro USA.

Waste Pro USA seeks the dismissal of Plaintiffs' Amended Complaint for lack of personal jurisdiction, pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure.  When a defendant challenges the court's personal jurisdiction under Rule 12(b)(2), the plaintiff has "the burden of proving" that jurisdiction exists "by a preponderance of the evidence." *Owens-Illinois, Inc. v. Rapid Am. Corp. (In re Celotex Corp.)*, 124 F.3d 619, 628 (4th Cir. 1997).  In deciding whether a plaintiff has met its burden, the court construes all disputed facts and draws all reasonable inferences from the proofs in favor of jurisdiction. *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs.*, 344 F.3d 390, 396 (4th Cir. 2003).  In ruling on a motion to dismiss for lack of personal jurisdiction, the court may consider evidence outside of the pleadings, such as affidavits and other evidentiary materials, without converting the motion to dismiss into a motion for summary judgment. *Magic Toyota, Inc. v. Se. Toyota Distribs., Inc.*, 784 F. Supp. 306, 310 (D.S.C. 1992).

A federal court may exercise personal jurisdiction over a defendant in the manner provided by state law. *See* Fed. R. Civ. P. 4(k)(1)(A).  "Thus, for a district court to assert personal

jurisdiction over a nonresident defendant, two conditions must be satisfied: (1) the exercise of jurisdiction must be authorized under the state's long-arm statute; and (2) the exercise of jurisdiction must comport with the due process requirements of the Fourteenth Amendment." *Christian Science Bd. of Dirs. of the First Church of Christ v. Nolan*, 259 F.3d 209, 215 (4th Cir. 2001).

"South Carolina's long-arm statute has been interpreted to reach the outer bounds permitted by the Due Process Clause." *ESAB Grp., Inc. v. Centricut, Inc.*, 126 F.3d 617, 623 (4th Cir. 1997). Accordingly, the jurisdictional inquiry collapses into the single question of whether an out-of-state defendant has "minimum contacts with [South Carolina] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Id.* (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945); *see also Callum v. CVS Health Corp.*, 137 F. Supp. 3d 817, 834 (D.S.C. 2015) ("Because the South Carolina long-arm statute is coextensive with the Due Process Clause, the sole question on a motion to dismiss for lack of personal jurisdiction is whether the exercise of personal jurisdiction would violate due process").

Personal jurisdiction may arise through general or specific jurisdiction. *CFA Inst. v. Inst. of Chartered Fin. Analysts of India*, 551 F.3d 285, 292 n. 15 (4th Cir. 2009). Under general jurisdiction, a defendant's contacts or activities in the forum state are not the basis for the suit, but it may be sued "for any reason, regardless of where the relevant conduct occurred," because its activities in the forum state are "continuous and systematic." *Id.* at n. 15. These activities must be "so substantial and of such a nature as to justify suit against [a defendant] on causes of action arising from dealings entirely distinct from those activities." *Int'l Shoe Co.*, 326 U.S. at 318. When the defendant is a corporation, "general jurisdiction requires affiliations so continuous and systematic as to render [the foreign corporation] essentially at home in the forum State, *i.e.,*

comparable to a domestic enterprise in that State." *Daimler AG v. Bauman, U.S.*, 134 S. Ct. 746, 758 n. 11 (2014) (internal quotations omitted).

Under specific jurisdiction, a defendant may be sued in this Court if the litigation results from alleged injuries that arose out of or related to its contacts with South Carolina. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 41 (1984). To determine whether specific jurisdiction exists, courts employ a "minimum contacts" analysis that examines "(1) the extent to which the defendant purposefully avail[ed] itself of the privilege of conducting activities in the State; (2) whether the plaintiffs' claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable." *ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F.3d 707, 711 (4th Cir. 2002).

### 1. The Court Does Not Have General Jurisdiction Over Waste Pro USA.

Plaintiffs appear to contend that Waste Pro USA is subject to specific, rather than general, jurisdiction, as the Complaint alleges that "[t]his Court has personal jurisdiction over Waste Pro because the cause of action arose within this District as a result of Waste Pro's conduct within this District." [Doc. 5 at ¶ 15.] To the extent that Plaintiffs also seek to establish this Court's general jurisdiction over Waste Pro, it is clear that Waste Pro USA lacks the requisite substantial contacts in South Carolina that would give rise to such jurisdiction.

It is settled that "with regard to nonresidents, general jurisdiction is ordinarily reserved for those defendants who have substantial contacts with the forum state that they may be considered 'essentially domiciled' within that state." *Rist v. Xcentric Ventures, Inc.*, 2013 U.S. Dist. LEXIS 82597, at *11 (D. Md. 2013). The "place of incorporation and principal place of business" will typically be regarded as home for the corporation as these are the "paradigm bases for general jurisdiction." *Daimler AG, supra*, 134 S. Ct. at 760. Only in an "exceptional case" might a

"corporation's operations in a forum other than its formal place of incorporation or principal place of business . . . be so substantial and of such a nature as to render the corporation home in that State." *Id.* at 761, n. 19.

Here, Waste Pro USA is a Florida corporation with its principal place of business in Florida. [Ex. 1 at ¶ 3.] Waste Pro USA also lacks any contacts with South Carolina in that it does not: (1) have any employees in South Carolina; (2) have any offices in South Carolina; (3) perform any services in South Carolina; (4) have a registered agent for service of process in South Carolina; (5) own any real property in South Carolina; (6) have any bank accounts in South Carolina; and (7) it does not pay, nor is it required to pay, any taxes in South Carolina. [*Id.* at ¶¶ 4-10.] Accordingly, Waste Pro USA is not the "exceptional case" where a nonresident company may be subjected to general jurisdiction in a foreign state. *Daimler AG*, 134 S. Ct. at 760.

### 2. The Court Does Not Have Specific Jurisdiction Over Waste Pro USA.

With respect to specific jurisdiction, "the touchstone . . . remains that an out-of-state person have engaged in some activity purposefully directed toward the forum state." *ESAB Grp., supra*, 126 F.3d at 625. The purposeful availment requirement is designed to ensure that defendants are not haled into a jurisdiction as a result of "random, fortuitous, or attenuated contacts, or of the unilateral activity of another party or a third person." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985).

Waste Pro USA is not subject to specific jurisdiction because it has not purposefully availed itself of the benefits of South Carolina's laws, and it has no contacts with South Carolina. As noted above, Waste Pro USA has not conducted any activities in South Carolina that would subject it to specific jurisdiction, much less any contacts giving rise to Plaintiffs' claims in this

action. [Ex. 1 at ¶¶ 3-10.] Accordingly, Plaintiffs' claims against Waste Pro USA should be dismissed for lack of personal jurisdiction.

### B. The Court Lacks Subject Matter Jurisdiction Because of Plaintiffs' Lack of Standing.

#### 1. The Article III Standing Requirement.

Plaintiffs' standing to bring their claims implicates the Court's subject matter jurisdiction and is governed by Rule 12(b)(1). "[Q]uestions of subject matter jurisdiction must be decided first, because they concern the court's very power to hear the case." *Roman v. Gaupos III, Inc.*, 970 F. Supp. 2d 407, 411 (D. Md. 2013) (internal quotation and citation omitted.) "As the party invoking federal jurisdiction, Plaintiffs bear the burden of establishing standing under Article III of the Constitution." *Miller v. Brown*, 462 F.3d 312, 316 (4th Cir. 2006).

The Fourth Circuit has described the standing requirement as follows:

The irreducible constitutional minimum of standing requires (1) an injury in fact – a harm suffered by the plaintiff that it concrete and actual or imminent, not conjectural or hypothetical; (2) causation – a fairly traceable connection between the plaintiff's injury and the complained-of conduct of the defendant; and (3) redressability – a likelihood that the requited relief will redress the alleged injury.

*McBurney v. Cuccinelli*, 616 F.3d 393, 402 (4th Cir. 2010). It is not enough for Plaintiffs to rely upon unknown future putative plaintiffs to establish standing against a defendant. *See Pashby v. Delia*, 709 F.3d 307, 316 (4th Cir. 2013) (class representatives "must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong.")

#### 2. The Complaint Should Be Dismissed Because Each Plaintiff Does Not Satisfy the Standing Requirements as to Each Defendant.

In FLSA, SCPWA, and NCWHA claims, standing requires plaintiffs to plead an employer-employee relationship. *Roman*, *supra*, 970 F. Supp. 2d at 414 (D. Md. 2013); South Carolina Code

Ann. §§ 41-10-10, 41-10-80; N.C.G.S. §§ 95-25.2, 95-25.22.  Here, Plaintiffs each filed, as exhibits to the Complaint, a Consent to Join Wage Claim ("Consent"). [Doc. 5-1, 5-2, and 5-3].[1] The Consent for each Plaintiff states as follows:

> I consent to participate in a collective action lawsuit against **WASTE PRO USA, INC.** to pursue my claims of unpaid overtime during the time *that I worked with the company*.

[Doc. 5-1, ¶ 1, 5-2, ¶ 1, and 5-3, ¶ 1 (emphasis added)].  Neither Consent suggests any employer-employee relationship with Waste Pro of South Carolina, Waste Pro of North Carolina, or Waste Pro of Florida.

As this Court recently held, plaintiffs in FLSA cases must have standing to sue each defendant named in the complaint. *Crumbling v. Miyabi Murrells Inlet, LLC*, 192 F. Supp. 3d 640, 646 (D.S.C. June 16, 2016).  Because Plaintiffs only allege that they were employed by Waste Pro USA, *see* Doc. 5-1, 5-2, and 5-3, they lack standing as to each Defendant.

In *Crumbly*, the plaintiffs sued multiple entities, but only alleged that they were employed by some of them.  In dismissing the plaintiffs' claims for lack of standing, the *Crumbly* court explained:

> For standing purposes, the Court must determine whether each defendant could be held liable to each plaintiff.  Despite the FLSA's stated goal of efficiency in adjudicating similarly situated employees' claims at the same time, collective actions pursuant to § 216(b) may only be maintained where the named plaintiffs were employed by each of the Defendants.

*Crumbling*, 192 F. Supp. 3d 640, 646-647.  This Court, while acknowledging the inherent inefficiency of requiring separate lawsuits where separate employers are involved, stated that Article III cannot be disregarded for the sake of efficiency.  *Id*. at 647.

---

[1] Exhibits to a pleading are incorporated into the pleading for all purposes.  Fed. R. Civ. P. 10(c).

Again, Plaintiffs state in their Consents that they were employed by Waste Pro USA. Because Plaintiffs did not work for each Defendant, their injuries cannot be traced to any entities other than the one they claim employed them, Waste Pro USA. The burden is on each Plaintiff to establish standing for this Court to have subject matter jurisdiction over each Defendant. As in *Crumbling*, if these claims are to survive an Article III analysis, they must be brought in one or more lawsuits wherein each plaintiff has been employed by each defendant. *Id.* Plaintiffs' failure in this regard is fatal to the Complaint, which must be dismissed.

### C. Plaintiffs Failed to State a Claim Upon Which Relief May Be Granted as to Waste Pro USA.

A motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted is a challenge to the legal sufficiency of a complaint. *Francis v. Giacomelli,* 588 F.3d 186, 192 (4th Cir. 2009); *see also Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) ("A motion to dismiss under Rule 12(b)(6) . . . does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."). To be legally sufficient, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). Thus, "a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Rather, a plaintiff must allege facts "sufficient to state all the elements of her claim," *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003), and sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In

other words, the well-pleaded facts must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

In considering a motion to dismiss, the Court must accept as true facts alleged in the complaint and "draw all reasonable inferences in favor of the plaintiff." *Kensington Volunteer Fire Dept., Inc. v. Montgomery County, Md.*, 684 F.3d 462, 467 (4th Cir. 2012). However, the Court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences" or "allegations that contradict matters properly subject to judicial notice or by exhibit." *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002). The Court is also not required to accept as true any legal conclusions. *Iqbal*, 556 U.S. at 678; *Sec'y of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007).

At the heart of Plaintiffs' defective pleading is the fact that Plaintiffs do not even attempt to specifically identify which Defendant took certain actions in the allegations of the Complaint. Instead, Plaintiffs allege generally that "Waste Pro" and the "Waste Pro Defendants" took action, without regard for which Defendant did what. By way of example, Plaintiffs allege that "Waste Pro currently operates more than 75 locations in Alabama, Arkansas, Florida, Georgia, Louisiana, Mississippi, Tennessee and North and South Carolina," *see* Doc. 5 at ¶ 45, without specifying which Defendant operates each location. Do Plaintiffs allege that Waste Pro of South Carolina operates locations in Louisiana, or that Waste Pro of Florida operates locations in Arkansas? By referring to the three separate corporations collectively as "Waste Pro" or the "Waste Pro Defendants," Plaintiffs fail to put each of the Defendants on notice of their alleged conduct.

In the Fourth Circuit Court of Appeals and elsewhere, courts have similarly interpreted *Twombly* and *Iqbal* to mean that generic or general allegations about the conduct of "defendants," without more, fail to state a claim. *Marcantonio v. Dudzinski,* 155 F. Supp. 3d 619 (W.D. Va.

2015) (citing *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) (use of "collective term 'Defendants'" not proper pleading practice); *Bryson v. Gonzales*, 534 F.3d 1282, 1290 (10th Cir. 2008) ("conclusory allegations that simply name the 'Defendants' generically" fail to state claim); *Raub v. Bowen*, 960 F. Supp. 2d 602, 616 (E.D. Va. 2013)  (concluding "vagaries" in "ambiguous" false imprisonment count asserted against "one or more Defendants" warranted dismissal); *Boykin Anchor Co. v. AT&T Corp.*, No. 5:10-CV-591-FL, 2011 U.S. Dist. LEXIS 40783, 2011 WL 1456388, at *4 (E.D.N.C. Apr. 14, 2011) (holding "plaintiff cannot rely on bare allegations relating to the conduct of 'all defendants'"); *Maisha v. Univ. of N. Carolina,* No. 1:12-CV-371, 2013 U.S. Dist. LEXIS 43224, 2013 WL 1232947, at *6 (M.D.N.C. Mar. 27, 2013) (dismissing claims where complaint "was often vague as to who took what action" and made "no specific allegations" against certain defendants); *Baca v. Callahan*, No.  CV-10-885-PHX-GMS, 2010 U.S. Dist. LEXIS 82522, 2010 WL 2757251, at *1 (D. Ariz. July 12, 2010) (dismissing complaint against ten defendants that did "little to clarify each Defendant's role in the underlying transaction"); *Evans v. Chalmers*, 703 F.3d 636, 661 (4th Cir. 2012) (Wilkinson, J., concurring))*; see also Gentry v. Hyundai Motor Am., Inc.,* 2017 U.S. Dist. LEXIS 8609, 197 (W.D. Va. 2017).  This Court should follow this well-settled precedent and dismiss Plaintiffs' claims against Waste Pro of Florida.

### D. Plaintiffs' Claim for Overtime Wages under the NCWHA Is Preempted by the FLSA.

In Count I of their Amended Complaint, Plaintiffs assert a claim to recover overtime compensation under the FLSA arising from Defendants' alleged failure to pay Plaintiffs "time-and-a-half rate for hours in excess of forty (40) hours per workweek . . . ." [Doc. 5, ¶ 95.]  In Count III, Plaintiffs assert a North Carolina state law claim for overtime pay under the North Carolina Wage and Hour Act, N.C.G.S. § 95-25-1, *et seq.*  [Doc. 5 at ¶¶ 119-127.]  In that claim, Plaintiffs allege that Defendants violated the NCWHA by "failing to pay the North Carolina class

members complete and correct overtime for work performed in excess of forty hours in a workweek and hence, failing to pay all wages accrued to these workers on their regular scheduled paydays." [*Id.*, ¶ 124.] Plaintiffs seek as damages "the amount of the respective unpaid wages earned and due at the regular hourly wage rate, and a rate not less than one and one-half times the hourly rate of pay for work performed in excess of forty hours in a workweek . . . ." [*Id.*, ¶ 127.]

Numerous courts in this Circuit have recognized that FLSA was enacted as a comprehensive, exclusive remedial scheme to address employees' rights to overtime pay. *Anderson v. Sara Lee Corp.*, 508 F.3d 181 (4th Cir. 2007) (holding that the FLSA preempts state law causes of action premised upon failure to pay overtime); *McMurray v. LRJ Rests., Inc.*, 2011 U.S. Dist. LEXIS 7717, at *5-6 (D.S.C. Jan. 26, 2011) ("The FLSA provides the exclusive remedial scheme to address employees' rights to be paid a minimum wage for hours worked and to be paid overtime for all hours worked in excess of forty in a given workweek"); *Nimmons v. RBC Ins. Holdings (USA), Inc.*, 2007 U.S. Dist. LEXIS 94467, at *7 (D.S.C. Dec. 27, 2007) (same); *Nettles v. Techplan Corp.*, 704 F. Supp. 95, 100 (D.S.C. 1988) (dismissing state law negligence claim based on failure to pay overtime and holding that FLSA is the exclusive remedy to recover overtime wages). Because Plaintiffs' NCWHA claim alleges the same violation as their FLSA overtime claim – the failure to pay a time-and-a-half rate for all hours worked over forty in a workweek – it is duplicative of the FLSA overtime claim asserted in Count III, and it should be dismissed as preempted by the FLSA.

### III.  CONCLUSION

Because Waste Pro USA has no contacts with South Carolina, it is not subject to the general or specific jurisdiction of this Court. Additionally, the Amended Complaint fails for lack of subject matter jurisdiction because each Plaintiff does not have a claim against each Defendant. Moreover,

by lumping together Defendants with generic allegations, Plaintiffs have failed to state a claim upon which relief may be granted under the federal pleading standards set forth in *Twombly* and *Iqbal*. Accordingly, Plaintiffs' claims against Waste Pro USA should be dismissed for lack of personal jurisdiction, lack of subject matter jurisdiction, and failure to state a claim, pursuant to Rules 12(b)(1), (b)(2) and (b)(6) of the Federal Rules of Civil Procedure, respectively. Finally, Plaintiffs' state law claim for overtime wages under the NCWHA should be dismissed as preempted by the FLSA.

Respectfully submitted this 14th day of November, 2017.

                                      LAW OFFICE OF LEAH B. MOODY, LLC

                                      By: /s/ *Leah B. Moody*
                                      Leah B. Moody, Esq.
                                      Federal Bar No.: 7469
                                      235 East Main Street, Suite 115
                                      P.O. Box 1015 (29731)
                                      Rock Hill, South Carolina 29730
                                      Telephone: (803)327-4192
                                      Facsimile: (803)329-1344
                                      Email: LBMatty@comporium.net

                                      *Counsel for Defendant Waste Pro USA, Inc.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished to the below-named attorney on this 14th day of November, 2017.

| | |
|---|---|
| ___ HAND DELIVERY | **Ben Whaley Le Clercq, Esquire** |
| ___ U.S. MAIL | Le Clercq Law Firm, P.C. |
| ___ FAX TRANSMISSION | 708 S. Shelmore, Suite 202 |
| ___ E-MAIL TRANSMISSION | Mt. Pleasant, South Carolina 29464 |
| ✓ ECF NOTICE | Ben@leclercqlaw.com |

                                        */s/ Leah B. Moody*
                                        Leah B. Moody, Esquire