IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| ANTHONY WRIGHT, DANIEL HANSON, ) and KENNETH PRIVETTE, *all individually* ) *and on behalf of all others similarly situated*, ) ) Plaintiffs, ) ) vs. ) ) WASTE PRO USA, INC., ) WASTE PRO OF FLORIDA, INC., ) WASTE PRO OF SOUTH CAROLINA, ) INC., and WASTE PRO OF NORTH ) CAROLINA, INC., ) ) Defendants. ) ) | No. 2:17-cv-02654-DCN<br><br>**ORDER** |

The following matter is before the court on defendants Waste Pro of South Carolina ("Waste Pro SC") and Waste Pro of North Carolina's ("Waste Pro NC") (collectively, "defendants") motion to dismiss for lack of subject-matter jurisdiction, failure to state a claim, and preemption, ECF No. 178. For the reasons discussed below, the court denies the motion, severs the lawsuit, and orders plaintiffs to file amended complaints consistent with this order.

## I. BACKGROUND

Plaintiffs brought this action against defendants individually and on a collective and class-wide basis. Plaintiffs are waste disposal drivers for defendants. They claim that, due to the defendants' company-wide policies, they were deprived of wages for hours actually worked. According to plaintiffs, defendants did this in the following ways: (1) erroneously calculating their prevailing hourly rate; (2) only paying plaintiffs "half-time" for all hours worked over forty hours in a given workweek; (3) requiring

1

them to perform pre-shift and post-shift duties while not clocked in; and (4) automatically deducting thirty minutes for lunch breaks that defendants knew plaintiffs worked through. Plaintiffs bring this action on behalf of all other similarly situated non-exempt waste disposal drivers who were paid a day rate and who have been employed by Waste Pro entities throughout the United States, at any time from September 29, 2014 through the final disposition of this matter. Plaintiffs all filed consent forms to join this collective action lawsuit against Waste Pro USA. ECF Nos. 30-3, 30-4, 30-5. However, each plaintiff specifies that they work or worked for a particular Waste Pro facility—plaintiff Anthony Wright worked at Waste Pro's facility in Florida, plaintiff Daniel Hansen in South Carolina, and plaintiff Kenneth Privette in North Carolina.

The procedural history of this case is complex. Plaintiffs filed suit in this court on October 2, 2017 against Waste Pro SC, Waste Pro NC, Waste Pro of Florida, Inc. ("Waste Pro FL"), and Waste Pro USA, Inc. ("Waste Pro USA"). Plaintiffs filed their second amended complaint on December 5, 2017, bringing the following causes of action: (1) violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, et seq.; (2) violation of the South Carolina Payment of Wages Act ("SCPWA"), South Carolina Code §§ 41-10-10, et seq.; and (3) violation of the North Carolina Wage and Hour Act, North Carolina General Statutes §§ 95-25.1, et seq.. ECF No. 30-2. On December 20, 2017, Waste Pro USA and Waste Pro FL filed a motion to dismiss for lack of subject matter jurisdiction, lack of personal jurisdiction, and failure to state a claim, and also seeking the dismissal of plaintiffs' North Carolina claim based on preemption grounds. ECF Nos. 37 and 38. Waste Pro SC and Waste Pro NC filed nearly identical motions that same day but declined to file motions to dismiss for lack of personal jurisdiction. ECF

Nos. 39 and 40. On January 16, 2018, plaintiffs filed virtually identical responses to all of the motions. ECF Nos. 46, 47, 48, and 49. On February 2, 2018, defendants filed a joint reply to those responses. ECF No. 54. Pursuant to the court's order to conduct jurisdictional discovery, Waste Pre USA and Waste Pro FL filed their supplemental briefing on the personal jurisdiction issue on November 30, 2018, ECF No. 124, and plaintiffs filed their supplemental briefing on February 15, 2019, ECF No. 141. Defendants filed a reply to plaintiffs' brief on February 25, 2019. ECF No. 143.

On July 25, 2019, the court filed an order granting Waste Pro USA's and Waste Pro FL's motion to dismiss for lack of personal jurisdiction and dismissing those defendants from the case (the "July 25 Order"). Accordingly, the court dismissed all plaintiffs who were not employed by the remaining defendants, Waste Pro SC and Waste Pro NC. Because he was an employee of Waste Pro FL, Wright was dismissed from the case as a plaintiff. The July 25 Order further found that plaintiffs lacked standing to jointly assert claims against Waste Pro SC and Waste Pro NC and ordered plaintiffs to file an amended complaint in which the plaintiffs employed by Waste Pro NC (the "North Carolina plaintiffs") would proceed against Waste Pro NC or the plaintiffs employed by Waste Pro SC (the "South Carolina plaintiffs") would proceed against Waste Pro SC. Instead, on August 9, 2019, plaintiffs collectively filed their Third Amended Complaint, ECF No. 173, under which they proceeded jointly against Waste Pro SC and Waste Pro NC. On August 23, 2019, defendants filed a motion to dismiss the Third Amended Complaint, ECF No. 178. On September 6, 2019, plaintiffs responded in opposition, ECF No. 181, to which the defendants replied on September 13, 2019, ECF No. 184. The court held a

hearing on the matter on October 25, 2019. The matter has been fully briefed and is now ripe for the court's review.

## II. STANDARD

### A. Motion to Dismiss for Lack of Subject Matter Jurisdiction

Defendants' standing argument implicates this court's subject matter jurisdiction and is governed by Rule 12(b)(1). Crumbling v. Miyabi Murrells Inlet, LLC, 192 F. Supp. 3d 640, 643 (D.S.C. 2016). The determination of subject matter jurisdiction must be made at the outset before any determination on the merits. Steel Co. v. Citizens for a Better Environment, 523 U.S. 83 (1998). "The plaintiff bears the burden of persuasion if subject matter jurisdiction is challenged under Rule 12(b)(1)." Williams v. United States, 50 F.3d 299, 304 (4th Cir. 1995). If the plaintiff cannot overcome this burden, then the claim must be dismissed. Welch v. United States, 409 F.3d 646, 651 (4th Cir. 2005). When a party contends that "the complaint [] fails to allege facts upon which subject matter jurisdiction can be based[,] . . . all the facts alleged in the complaint are assumed to be true." Luna-Reyes v. RFI Const., LLC, 57 F. Supp. 3d 495, 499 (M.D.N.C. 2014) (quoting Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982)). "[A] trial court should dismiss under Rule 12(b)(1) only when the jurisdictional allegations are 'clearly . . . immaterial, made solely for the purpose of obtaining jurisdiction or where such a claim is wholly unsubstantial and frivolous.'" Kerns v. United States, 585 F.3d 187, 193 (4th Cir. 2009) (quoting Bell v. Hood, 327 U.S. 678, 682 (1946)).

### B. Motion to Dismiss for Failure to State a Claim

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss for "failure to state a claim upon which relief can be granted." When considering a Rule

12(b)(6) motion to dismiss, the court must accept the plaintiff's factual allegations as true and draw all reasonable inferences in the plaintiff's favor. See E.I. du Pont de Nemours & Co. v. Kolon Indus., 637 F.3d 435, 440 (4th Cir. 2011). But "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). On a motion to dismiss, the court's task is limited to determining whether the complaint states a "plausible claim for relief." Id. at 679. Although Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief," "a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570).

## III. DISCUSSION

Defendants assert five grounds for their motion to dismiss: (1) plaintiffs' consent forms are insufficient under the FLSA, (2) the court lacks subject matter jurisdiction based on the plaintiffs' lack of standing, (3) the Third Amended Complaint fails to state a claim against each defendant, (4) plaintiffs' FLSA claims are barred by the Motor Carrier Act exemption, and (5) plaintiffs' SCWPA claims are preempted by the FLSA. The court addresses each ground in turn.

### A. Sufficiency of Consents

Defendants argue that the consent forms of Hansen and Privette are insufficient for their claims against Waste Pro SC and Waste Pro NC. Plaintiffs filed consent forms to join this lawsuit, as required by the FLSA, in conjunction with their previous

5

complaint. In those forms, plaintiffs stated their consent "to participate in a collective action lawsuit against Waste Pro USA, Inc." ECF Nos. 1-1 and 1-2. Since plaintiffs' filing of their consent forms, the court has dismissed Waste Pro USA from the case. Defendants now argue that plaintiffs' consents, which continue to support their claims against Waste Pro SC and Waste Pro NC, are insufficient because they name Waste Pro USA as the defendant, not Waste Pro SC or Waste Pro NC. Because consent forms under these circumstances provide consent for the collective action, rather than for a specific claim, the consents are sufficient.

"No employee shall be a party plaintiff to any [collective FLSA] action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." 29 U.S.C. § 216. Consents are to be interpreted "according to the plain meaning of their language." Turner v. BFI Waste Servs., LLC, 292 F. Supp. 3d 650, 653 (D.S.C. 2017). Plain-meaning construction, however, does not require the court to be overly formalistic in interpreting consents. This court has held that FLSA opt-in plaintiffs do not consent to join specific claims of a collective FLSA action, but rather, consent to "join the action as a whole." Id. at 654 (citing Prickett v. DeKalb County, 349 F.3d 1297 (11th Cir. 2003)). In so holding, the court noted both the language and the spirit of the statute demanded this construction:

> Section 216(b) of the FLSA, which authorizes a plaintiff to sue his or her employer for overtime or wage law violations, authorizes "[a]n action to recover the liability prescribed" by the FLSA and provides that, by consenting in writing, or "opting in," an employee may become a plaintiff to "any such action." 29 U.S.C. § 216(b) (emphasis added). The statute does not say that an employee may become a plaintiff to any such "claim." If Congress wished to parse out that plaintiffs needed to opt in to each FLSA claim, it would have replaced the word "action" with "claim" in § 216(b). It did not do so. Therefore, the plain language of the FLSA weighs in favor of finding that plaintiffs opt-in to a FLSA action, not just a FLSA claim.

6

> . . .
>
> Ultimately, the FLSA is a remedial statute that "has been construed liberally to apply to the furthest reaches consistent with congressional direction." Prickett, 349 F.3d at 1296. Construing the language of § 216(b) liberally in favor of the employees, this court follows Prickett and the many courts that have interpreted it to hold that once a FLSA action has been conditionally certified, opt-in plaintiffs become parties to the FLSA action as a whole.

Id. at 652, 654.

Therefore, plaintiffs' consent to opt into the collective FLSA action against Waste Pro USA applies to the entirety of the collective FLSA action, not just to claims against that defendant. Thus, plaintiffs' consent forms are sufficient for their claims against Waste Pro SC and for their claims against Waste Pro NC. For these reasons, the court rejects this ground for defendants' motion to dismiss.

To prevent further confusion or controversy on this front, the court grants plaintiffs the option to re-file consent forms that clearly indicate consent to the current actions against Waste Pro SC and Waste Pro NC. If plaintiffs so elect, the date of any new consent will relate back to the filing of the corresponding originally filed consent for the purposes of the statute of limitations. This relation back will apply only to those new consents by plaintiffs who filed consents with the court within the limitations period. The tolling of the statute of limitations for plaintiffs yet to be joined is the subject of another motion and not yet ripe for the court's consideration.

**B. Standing**

Defendants next argue that this court is without subject matter jurisdiction because plaintiffs do not have standing to sue both Waste Pro SC and Waste Pro NC in the same action based on the July 25 Order. In that order, the court found that plaintiffs

7

lacked standing to jointly sue Waste Pro SC and Waste Pro NC and ordered plaintiffs to file an amended complaint. ECF No. 170. Now, defendants argue that plaintiffs' Third Amended Complaint did not cure their standing defect because plaintiffs still proceed together in one action against Waste Pro SC and Waste Pro NC. Although defendants are correct that the Third Amended Complaint is flawed, that flaw is not a lack of standing. Instead, the Third Amended Complaint improperly joins plaintiffs' claims against defendants under Fed. R. Civ. Pro. 21.

The parties' opposing positions on this issue stem from their differing interpretations of the July 25 Order, which dismissed Waste Pro USA and Waste Pro FL the current action. Therefore, before confronting the merits of the standing issue, it behooves the court to revisit that order and clarify its holding. In its July 25 Order, the court found that plaintiffs lacked standing to proceed simultaneously against Waste Pro NC and Waste Pro SC. The court, having dismissed Waste Pro USA from the lawsuit, first reasoned that Waste Pro NC and Waste Pro SC were not joint employers, based on the factors the Fourth Circuit espoused in Hall v. DIRECTV, LLC, 846 F.3d 757, 769–70 (4th Cir. 2017), cert. denied, 138 S. Ct. 635 (2018). Therefore, without Waste Pro USA providing the necessary link between Waste Pro NC and Waste Pro SC, the employees of Waste Pro SC and Waste Pro NC could not jointly allege harms against both employers because the South Carolina plaintiffs did not have standing to sue Waste Pro NC and the North Carolina plaintiffs likewise did not have standing to sue Waste Pro SC.

In so finding, this court stated:

> Considering the fact that plaintiffs alleged joint employer theory in their complaint and that this theory is now rendered useless by the dismissal of Waste Pro USA, the court orders plaintiffs to file an amended complaint. This new complaint should reflect the court's determination that plaintiffs

> may not bring a claim in which both North and South Carolina plaintiffs are suing both Waste Pro NC and Waste Pro SC. Regardless of whether plaintiffs choose to re-file with North Carolina plaintiffs against Waste Pro NC <u>or</u> with South Carolina Plaintiffs against Waste Pro SC, this amended complaint should allege with appropriate specificity the existence of an employment relationship between the remaining plaintiffs and the remaining defendants.

ECF No. 170 at 33 (emphasis added).

Defendants and plaintiffs interpret this holding differently. Defendants correctly contend that the court found that the South Carolina and North Carolina plaintiffs may not proceed together in the same lawsuit because the North Carolina plaintiffs would lack standing to sue the South Carolina defendant and the South Carolina plaintiffs would lack standing to sue the North Carolina defendant. Therefore, the court ordered either the North Carolina plaintiffs to file an amended complaint against Waste Pro NC <u>or</u> the South Carolina plaintiffs to file an amended complaint against Waste Pro SC. This is the correct interpretation of the court's order. However, plaintiffs interpreted this order to mean that the South Carolina plaintiffs and North Carolina plaintiffs may proceed together but must distinguish their claims such that the claims of the North Carolina plaintiffs are asserted only against Waste Pro NC and the claims of the South Carolina plaintiffs are asserted only against Waste Pro SC. This was not the court's intended holding.

The order clearly states: "Regardless of whether plaintiffs choose to re-file with North Carolina plaintiffs against Waste Pro NC <u>or</u> with South Carolina Plaintiffs against Waste Pro SC, this amended complaint should allege with appropriate specificity the existence of an employment relationship between the remaining plaintiffs and the remaining defendants." ECF No. 170 at 33 (emphasis added). This holding forecloses the possibility that the North Carolina plaintiffs and South Carolina plaintiffs may

9

proceed together in the same lawsuit. Nevertheless, plaintiffs filed their Third Amended Complaint based on their interpretation of the holding. In that complaint, plaintiffs distinguish their claims by asserting the claims of the North Carolina plaintiffs against Waste Pro NC and the claims of the South Carolina plaintiffs against Waste Pro SC.

Plaintiffs' misinterpretation of the court's order and subsequent complaint has an interesting procedural effect. Subject matter jurisdiction, and thus standing, is subject to a claim-by-claim analysis. Under such an analysis, there are no standing problems with plaintiffs' Third Amended Complaint because each claim satisfies the three requirements of standing.

The "irreducible constitutional minimum of standing" requires (1) "an injury in fact—a harm suffered by the plaintiff that is concrete and actual or imminent, not conjectural or hypothetical"; (2) "causation—a fairly traceable connection between the plaintiff's injury and the complained-of conduct of the defendant"; and (3) "redressability—a likelihood that the requested relief will redress the alleged injury." McBurney v. Cuccinelli, 616 F.3d 393, 402 (4th Cir. 2010). Each of the plaintiffs' claims alleges an injury-in-fact, causation between the plaintiff and his or her employer, and redressability. Therefore, by distinguishing the claims of the North Carolina plaintiffs and the South Carolina plaintiffs, the Third Amended Complaint rids plaintiffs of any standing issues. However, the result of the Third Amended Complaint is misjoinder.

Under the Third Amended Complaint, the North Carolina plaintiffs and the South Carolina plaintiffs seek distinct rights to relief against distinct defendants. Under Rule 20:

> Persons may join in one action as plaintiffs if:
> (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> (B) any question of law or fact common to all plaintiffs will arise in the action.

Fed. R. Civ. P. 20. Plaintiffs in this case do not assert a right to relief jointly, severally, or in the alternative. The South Carolina plaintiffs seek relief from Waste Pro SC based on its allegedly wrongful actions, and the North Carolina plaintiffs seek relief from Waste Pro NC based on its allegedly wrongful actions. Without plaintiffs' shared claims against Waste Pro USA, they are improperly joined under Rule 20.

Under Rule 21, "[m]isjoinder of parties is not a ground for dismissing an action." Fed. R. Civ. Pro. 21. However, "the court may at any time, on just terms, add or drop a party [or] sever any claim against a party." Id. A district court possesses broad discretion in determining whether severance under Rule 21 is appropriate. Saval v. BL, Ltd., 710 F.2d 1027, 1031–32 (4th Cir. 1983). To avoid the confusion that would result from the continued joinder of these distinct claims and to ensure that each defendant understands the wrongs alleged against it, severance is appropriate. Therefore, the court orders plaintiffs to file amended complaints that separate the current action against Waste Pro SC and Waste Pro NC. The result of the amended complaints should be two separate actions. In one, the North Carolina plaintiffs may allege their claims against Waste Pro NC. In the other, the South Carolina plaintiffs may allege their claims against Waste Pro SC. For these reasons, the court severs the claims and grants plaintiffs leave to file amended complaints consistent with this order.

### C. Failure to State a Claim

Similarly, defendants argue that the Third Amended Complaint fails to state a claim upon which relief could be granted because it "does not identify any wrongful actions by any particular defendant." ECF No. 178 at 6. In other words, defendants argue that the Third Amended Complaint merely asserts generalized allegations against them collectively and fails to put each defendant on notice of the wrongful conduct alleged against it. The court disagrees and finds that the Third Amended Complaint sufficiently states a claim upon which relief can be granted.

Discussed above, plaintiffs filed their Third Amended Complaint in order to distinguish the claims of the South Carolina plaintiffs from the claims of the North Carolina plaintiffs, based on their interpretation of the July 25 Order. To that end, the Third Amended Complaint specifically states, "this Complaint does not allege, and should not be construed as alleging, a claim against either Defendant by a person not employed by that Defendant." ECF No. 173 at 1. Despite this disclaimer, plaintiffs' allegations within the complaint distinguish their claims with mixed results. The Third Amended Complaint does, often confusingly, conflate Waste Pro SC and Waste Pro NC as the "Defendants" and the North Carolina plaintiffs and the South Carolina plaintiffs as the "Plaintiffs." Plaintiffs explain in their response to defendants' motion to dismiss that "the Third Amended Complaint makes common allegations against both defendants because each violated the FLSA in a similar manner as to each's respective employees." ECF No. 181 at 11. A focused reading of the Third Amended Complaint reveals specific allegations against each of the defendants sufficient to put each on notice of the wrongs alleged against it. Because the court must construe a complaint liberally in favor of the

### C. Failure to State a Claim

Similarly, defendants argue that the Third Amended Complaint fails to state a claim upon which relief could be granted because it "does not identify any wrongful actions by any particular defendant." ECF No. 178 at 6. In other words, defendants argue that the Third Amended Complaint merely asserts generalized allegations against them collectively and fails to put each defendant on notice of the wrongful conduct alleged against it. The court disagrees and finds that the Third Amended Complaint sufficiently states a claim upon which relief can be granted.

Discussed above, plaintiffs filed their Third Amended Complaint in order to distinguish the claims of the South Carolina plaintiffs from the claims of the North Carolina plaintiffs, based on their interpretation of the July 25 Order. To that end, the Third Amended Complaint specifically states, "this Complaint does not allege, and should not be construed as alleging, a claim against either Defendant by a person not employed by that Defendant." ECF No. 173 at 1. Despite this disclaimer, plaintiffs' allegations within the complaint distinguish their claims with mixed results. The Third Amended Complaint does, often confusingly, conflate Waste Pro SC and Waste Pro NC as the "Defendants" and the North Carolina plaintiffs and the South Carolina plaintiffs as the "Plaintiffs." Plaintiffs explain in their response to defendants' motion to dismiss that "the Third Amended Complaint makes common allegations against both defendants because each violated the FLSA in a similar manner as to each's respective employees." ECF No. 181 at 11. A focused reading of the Third Amended Complaint reveals specific allegations against each of the defendants sufficient to put each on notice of the wrongs alleged against it. Because the court must construe a complaint liberally in favor of the

plaintiffs, it finds that the complaint sufficiently alleges legally cognizable harms against each defendant.

Moreover, this order mandates that plaintiffs separate the claims against each defendant into two separate actions. Distinct complaints against the distinct defendants will make clear the wrongful acts alleged against each party. Therefore, the court denies the defendants' motion to dismiss on this ground.

### D. Motor Carrier Act Exemption of the FLSA

Defendants argue that the plaintiffs' FLSA claims are barred by the Motor Carrier Act ("MCA"), which exempts certain classes of employers from the FLSA's overtime protections, and thus do not state a claim for which relief can be granted. In response, plaintiffs raise two arguments, one procedural and one substantive. First, plaintiffs argue that the defendants waived their MCA exemption argument because they failed to raise it in their first motions to dismiss. Second, plaintiffs argue that the facts pled are insufficient to establish that the MCA exemption applies. Because the court finds that this affirmative defense is an inappropriate basis for a motion to dismiss under these circumstances, it rejects this ground for defendants' motion to dismiss without addressing plaintiffs' waiver argument.

Substantively, plaintiffs argue that the MCA exemption is not a proper ground for dismissal because the facts before the court are insufficient to support a ruling on an affirmative defense at this early stage of the litigation. Defendants, meanwhile, contend that the facts contained in the pleadings clearly show that the MCA exemption applies to bar the plaintiffs' claims. The court agrees with plaintiffs.

Defendants contend that the MCA exemption bars plaintiffs' claims under the FLSA. The FLSA exempts from its overtime protections "any employee to whom the secretary of Transportation has power to establish qualifications and maximum hours of service pursuant to the provisions of section 31502 of Title 49 . . . ." 29 U.S.C. § 213. Under that section, the Secretary has jurisdiction over any employee who is a "motor carrier," 49 U.S.C. § 31502, defined as "a person providing motor vehicle transportation for compensation," 49 U.S.C. §13102(14). Importantly, the transportation provided by the employees must be in interstate commerce to trigger MCA exemption. 49 U.S.C. §13501(1)(A).

"The purpose of a Rule 12(b)(6) motion is to test the sufficiency of the complaint, and rarely will this involve assessing the sufficiency of defenses." Rogers v. Unitedhealth Grp., Inc., 144 F. Supp. 3d 792, 802–03 (D.S.C. 2015) (citing Taylor v. Oak Forest Health & Rehab., LLC, 2013 WL 4505386, at *3 (M.D.N.C. Aug. 22, 2013). "The burden of establishing an affirmative defense rests with the defendant, and 'a motion to dismiss filed under [Rule] 12(b)(6) . . . generally cannot reach the merits of an affirmative defense.'" Id. (quoting Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir.2007) (en banc)). There are "relatively rare circumstances where facts sufficient to rule on an affirmative defense are alleged in the complaint." Id. (quoting Goodman, 494 F.3d at 464).

The parties dispute whether the complaint sufficiently alleges that plaintiffs engaged in interstate transportation such that it is appropriate for the court to rule on the affirmative defense on a motion to dismiss. Defendants rely on a number of allegations

in the Third Amended Complaint, which they claim conclusively allege that plaintiffs travelled in interstate commerce while on the job:

> During plaintiffs' employment with W[aste] P[ro] SC or W[aste] P[ro] NC, each defendant employed at least two employees who handled goods, materials, and supplies which travelled in interstate commerce, such as the waste disposal trucks and other items used to run the business.

ECF No. 173 at ¶20;

> Defendants' Waste Disposal Drivers, including Plaintiffs and the Putative Class Members, all drove assigned routes to collect and dispose of residential or commercial waste and/or recyclable material for Defendants' customers throughout South Carolina and North Carolina.

Id. at ¶ 39. These portions of the complaint, Defendants argue, clearly allege that plaintiffs are "motor carriers" because they allege that plaintiffs travelled in interstate commerce.

Plaintiffs disagree, arguing that an employee can handle goods that have travelled in interstate commerce, thereby triggering coverage under the FLSA, without actually using the goods in interstate transportation, as required under the MCA exemption. Courts in the Fourth Circuit have accepted this narrow distinction. "It is well established that local business activities fall within the FLSA when an enterprise employs workers who handle goods or materials that have moved or have been produced in interstate commerce." Brock v. Hamad, 867 F.2d 804, 808 (4th Cir.1989). "This includes situations where an employer purchases goods which have moved in interstate commerce and his employees use such goods in the course of their employment, even when the enterprise is the ultimate consumer of those goods." Rains v. E. Coast Towing & Storage, LLC, 820 F. Supp. 2d 743, 749 (E.D. Va. 2011) (citing Brock, 867 F.2d at 808).

15

The allegations of the Third Amended Complaint do not give the court sufficient grounds to determine the validity of defendants' MCA exemption defense. The complaint clearly alleges that the "goods, materials, and supplies" used by plaintiffs travelled in interstate commerce, but it does not clearly allege that plaintiffs themselves travelled in interstate commerce while on the job. Therefore, the allegations of the Third Amended Complaint do not conclusively show that MCA exemption bars plaintiffs' FLSA claims. To be sure, defendants' MCA exemption defense may be perfectly valid, but the court is without the grounds to properly evaluate it at this stage in the litigation. Because discovery is necessary to determine whether MCA exemption applies, the issue is better suited for a motion for summary judgment. For these reasons, the court rejects this ground for defendants' motion to dismiss.

### E. FLSA Preemption of SCPWA Claims

Defendants next argue that the South Carolina plaintiffs' SCPWA claims are preempted by the FLSA. Plaintiffs again respond with both a procedural and a substantive argument. Plaintiffs' procedural argument exactly mirrors its argument with respect to the MCA exemption defense, discussed above. Again, because the court finds that the motion to dismiss on this ground is inappropriate at this stage of the litigation, it need not resolve the merits of plaintiffs' waiver argument. Substantively, the South Carolina plaintiffs argue that their claims under the SCPWA are not duplicative of their claims under the FLSA and thus not preempted. The court agrees.

Defendants rely on <u>Anderson v. Sara Lee Corp.</u> for the contention that plaintiff's SCPWA claims are barred. 508 F.3d 181, 194 (4th Cir 2007). In <u>Anderson</u>, the Fourth Circuit found that "Congress prescribed exclusive remedies in the FLSA for violations of

its mandates." 508 F.3d at 194. Invoking the doctrine of "obstacle preemption," the court held that the plaintiffs there could not avail themselves of state law remedies to protect rights that are merely duplicative of the rights guaranteed under the FLSA. Id. The court reasoned that, because Congress intended the FLSA's remedies to be exclusive, allowing plaintiffs to bring duplicative state law claims would " 'stand[ ] as an obstacle to the accomplishment of the full purposes and objectives of' the FLSA." Id. at 193 (quoting Worm v. Am. Cyanamid Co., 970 F.2d 1301, 1305 (4th Cir. 1992)).

Courts in the Fourth Circuit have found that where the SCWPA provides for relief broader than or distinct from that provided for by the FLSA, claims under the former are not preempted by the latter. In Meller v. Wings Over Spartanburg, LLC, the court found that the plaintiffs' claim to recover withheld tips in excess of the minimum wage under the SCPWA was not preempted by the FLSA. 2016 WL 1089382, at *3 (D.S.C. Mar. 21, 2016). The court rested its decision on the fact that the FLSA did not guarantee the substantive rights implicated by such a claim—namely, the plaintiffs' entitlement to their tips in excess of the FLSA's minimum wage. Id. Other courts have denied motions to dismiss SCWPA claims under similar analyses. See Foster v. M5 Hosp. Grp., LLC, 2015 WL 5024404, at *5 (D.S.C. Aug. 24, 2015) (finding that "[a] cause of action under the state wage statute is separate and distinct from the FLSA claims" because, unlike the FLSA, that statute "is not limited to controversies involving minimum wage and overtime but applies to all wages due, and the plaintiff's claim is based on lack of written notice of deductions"); Spallone v. SOHO Univ., Inc., 2015 WL 5098154, at *5 (D.S.C. Aug. 31, 2015) (same).

17

Further, the district court in Xue v. J&B Spartanburg LLC, found that a plaintiff's right to treble damages under the SCPWA made the relief sought broader than that provided for by the FLSA. 2016 WL 3017223, at *2 (D.S.C. May 26, 2016). The court also found that a claim under the SCWPA's notice requirements is distinct from an FLSA claim. Id. There, the court noted that "the FLSA does not prevent states from creating a parallel regulatory scheme that provides additional protections for employees." Id. at *2 (citing 29 U.S.C. § 218(a)). In considering SCPWA claims very similar to the ones at issue here, the court stated:

> the SCPWA both creates a right and a means of enforcing that right that provides additional remedies not available under the FLSA, such as the employee's recovery for three times the amount owed, plus costs and reasonable attorney's fees. S.C. Code Ann. § 41-10-80. Furthermore, Plaintiffs' SCPWA claims are separate and distinct from their FLSA claim because they are seeking unpaid overtime wage payments that are based upon an agreed-upon hourly rate, pursuant to their fixed monthly salary, which is higher than the federal minimum wage rate . . . . Moreover, several of Plaintiffs' SCPWA claims are unrelated to their overtime wage claims, specifically their allegations of Defendants' failure to provide Plaintiffs with the proper notice at the time of hiring, a timely written notice of any changes in their terms of employment, and wage statements for each pay period.

Id., at *2.

Here, Plaintiffs' SCPWA claims allege violations of § 41-10-40(C) and § 41-10-30(A), which provide, respectively, that:

> [a]n employer shall not withhold or divert any portion of an employee's wages unless the employer is required or permitted to do so by state or federal law or the employer has given written notification to the employee of the amount and terms of the deductions . . . .
>
> . . . .
>
> Every employer shall notify each employee in writing at the time of hiring of the normal hours and wages agreed upon, the time and place of payment, and the deductions which will be made from the wages, including payments

> to insurance programs. The employer has the option of giving written notification by posting the terms conspicuously at or near the place of work. Any changes in these terms must be made in writing at least seven calendar days before they become effective. This section does not apply to wage increases.

S.C. Code Ann. § 41-10-40(C); S.C. Code Ann § 41-10-30(A).

The Third Amended Complaint specifically alleges SCPWA violations based on Waste Pro SC's failure to provide plaintiffs with the proper notice of the hours and wages agreed upon at the time of hiring, its failure to provide timely written notice of changes in the terms of employment and wage statements, and improperly withholding wages. Further, plaintiffs seek treble damages for these violations, as provided for by the SCPWA. Plaintiffs' "notice" claims under the SCWPA are distinct from its FLSA claims because they seek relief distinct from that provided for by the FLSA. Therefore, plaintiffs' notice claims are not preempted by the FLSA.

Plaintiffs also allege an unpaid wage claim under the SCPWA. Although this claim seeks the same type of relief that is recoverable under the FLSA, the SCPWA provides for broader relief for this harm in the form of treble damages. The Third Amended Complaint merely alleges that the plaintiffs are entitled to "all compensation of wages due to them." ECF 173 at ¶ 101 (internal quotation marks omitted). To the extent that plaintiffs' SCWPA claims seek wages equal to or less than the amount recoverable under the FLSA, those SCWPA claims would be duplicative of their claims under the FLSA. However, plaintiffs seek treble damages for these SCWPA claims, which is broader relief than the relief provided for under the FLSA. Therefore, plaintiffs' unpaid wage claim under the SCWPA is not duplicative of their FLSA claims to the extent that they seek treble damages. See Xue, 2016 WL 3017223, at *3. Because plaintiffs are

seeking relief under the SCWPA that is either broader than or distinct from that which is recoverable under the FLSA, their SCWPA claims are not preempted. Thus, the court denies defendants motion to dismiss on this ground.

## IV.   CONCLUSION

For the foregoing reasons the court **DENIES** the motion to dismiss, **SEVERS** the lawsuit, and **ORDERS** plaintiffs to file amended complaints consistent with this order.

**AND IT IS SO ORDERED.**

_____
DAVID C. NORTON
UNITED STATES DISTRICT JUDGE

**November 12, 2019**
**Charleston, South Carolina**